CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 23 2018

JULIA C. DUDLEY, CLERK
BY: H McDoneo/l
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| THOMAS FRANKLIN BOWLING, | ) | CASE NO. 7:17CV00142 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| DIRECTOR, VDOC, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Thomas Franklin Bowling, a Virginia inmate proceeding pro se, timely filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his continued detention by the VDOC. Respondent filed a motion to dismiss, and Bowling responded, making the matter ripe for disposition. After review of the record, I will grant the motion to dismiss and dismiss the petition.

## I. FACTUAL BACKGROUND

In 1988, the Lynchburg City Circuit Court convicted Bowling of capital murder, robbery, marijuana possession, and two counts of use of a firearm. The circuit court sentenced Bowling, who was a juvenile at the time he committed the offenses, to two life sentences plus six years and thirty days.

Bowling became eligible for discretionary parole on April 26, 2005. The Virginia Parole Board ("VPB") has considered his release every hearing quarter since 2005; however, "[d]ue to multiple life sentences, Bowling is not eligible for mandatory parole release." Bennett Aff. ¶ 10, ECF No. 12, Attach. 1.[1] On April 15, 2016, the VPB voted against granting Bowling discretionary parole for the following reasons: the crimes committed, release at that time would

---

[1] Adrianne Bennett is the Chair of the Virginia Parole Board.

1

diminish the seriousness of the crimes, the serious nature and circumstances of the offenses, and the Board concluded that he should serve more of his sentence prior to release on parole.[2]

On November 16, 2016, Bowling filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, but the court refused review, stating that his claims were not cognizable under Carroll v. Johnson, 68 S.E.2d 647, 652 (2009).

## II. PROCEDURAL BACKGROUND

Bowling filed the current petition on April 4, 2017, arguing that the VPB violated his rights under both the Eighth Amendment and the Due Process Clause.

## III. STANDARD OF REVIEW

To obtain federal habeas relief, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court will not issue a writ of habeas corpus for a claim previously adjudicated on the merits in state court unless that decision is objectively unreasonable. 28 U.S.C. § 2254(d).

The Supreme Court of Virginia's dismissal pursuant to Carroll did not constitute an adjudication "on the merits" for the purposes of 28 U.S.C. § 2254(d); therefore, de novo review applies. Higdon v. Jarvis, 2012 WL 738731, at *4 (W.D. Va. Mar. 5, 2012); see also Hudson v. Hunt, 235 F.3d 892, 895 (4th Cir. 2000).

## IV. JURISDICTION

Respondent urges that Bowling's claims are not cognizable on federal habeas review because challenges "which seek new parole proceedings, but which would not necessarily result in the petitioner's speedier release, do not 'lie[] at the core of habeas corpus' and instead are

---

[2] The VPB denied Bowling parole again on August 15, 2017, citing the same four reasons. Parole Decisions for Aug., 2017, with Reasons, 11, https://vpb.virginia.gov/files/1139/vpb-decisions-aug17.pdf.

cognizable under 42 U.S.C. § 1983." Leary v. Wright, 2013 WL 4509512, at *2 (E.D. Va. Aug. 22, 2013) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). I disagree. Although "habeas is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement," Skinner v. Switzer, 562 U.S. 521, 524 (2011) (quoting Wilkinson, 544 U.S. at 82), "the Supreme Court has not decided whether § 1983 is the exclusive remedy for a prisoner who, like petitioner, seeks immediate release even though the challenges he raises plainly do not make that remedy available." Leary, 2013 WL 4509512, at *2. I need not resolve the issue in the present case, however, because Bowling's constitutional challenges fail under both § 2254 and § 1983.

## V. STATUTE OF LIMITATIONS

Bowling may only challenge the parole revocation proceedings that occurred in 2016.[3] See 28 U.S.C. § 2244(d)(1)(A) (time-barring habeas petitions unless filed within one year of the judgment challenged).

## VI. EIGHTH AMENDMENT PROTECTIONS FOR JUVENILE OFFENDERS

In recent decades, the United States Supreme Court has carved out important Eighth Amendment protections for juvenile offenders regarding sentencing and parole. In Roper v. Simmons, the Court declared that juvenile offenders may not be sentenced to death. 543 U.S. 551, 569 (2005). In Graham v. Florida, the Court categorically banned life-without-parole sentences for juveniles convicted of non-homicide crimes. 560 U.S. 48, 82 (2010). Meanwhile, Miller v. Alabama, 567 U.S. 460, 471 (2012), forbade mandatory life-without-parole sentencing schemes for homicides, and Montgomery v. Louisiana, 136 S. Ct. 718, 734 (2016), clarified that

---

[3] Although Bowling's petition references parole decisions prior to 2016, the statute of limitations bars any challenge to parole denials prior to 2016. See 28 U.S.C. § 2254(d)(1)(A). Also, I will not address the VPB's most recent denial because Bowling has not raised any allegations regarding the 2017 proceedings.

3

Miller announced a substantive rule of constitutional law that is retroactively applicable on collateral review.

### VII. PAROLE REQUIREMENTS

As a general matter, parole proceedings are subject to the Due Process Clause because fair parole consideration involves a prisoner's liberty. See Franklin v. Shields, 569 F.2d 784, 790 (4th Cir. 1977).

The Fourth Circuit has broadly defined the minimum requirements of due process in parole proceedings: (1) decisions cannot be arbitrary, (2) States must publish the criteria governing their parole decisions; (3) inmates must have an opportunity to have a hearing and/or interview; (4) inmates must have access to the information in the files on which the parole decisions are to be based; (5) inmates must be allowed to bring evidence to the parole board predicting whether release will be successful; and (6) authorities must provide written reasons for parole denial. Id. at 791-98.

However, "[b]ecause parole consideration and parole itself typically hinge on the discretionary decisions of parole authorities, inmates generally possess no entitlement, but only a desire, that a parole board will decide in their favor." Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996); see also Greenholtz v. Inmate of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").

A petitioner challenging the constitutionality of a state's parole scheme has a "heavy burden," because "[i]t is difficult to imagine a context more deserving of federal deference than state parole decisions." Vann, 73 F.3d at 521-22 (quoting Franklin, 569 F.2d at 800) (noting

that, if a state chooses to establish a system of parole, "federal courts should allow a state's parole authorities 'a wide range for experimentation and the exercise of discretion.'").

## VIII. DISCUSSION

### A. *Graham's Parole Requirements Do Not Apply To Bowling*

Bowling argues that Graham's requirement of a "meaningful opportunity to obtain release" should be read together with Miller. However, Graham instituted an absolute bar on life-without-parole sentences for non-homicide juvenile offenders; Miller only banned *mandatory* life-without-parole. After Miller, trial courts retained discretion to sentence juvenile offenders to life-without-parole for homicide offenses; therefore, neither Miller nor Montgomery incorporated Graham's "meaningful opportunity to obtain release" requirement.

Bowling was convicted of a homicide crime and has been eligible for parole since 2005; therefore, Bowling's sentence was not life-without-parole; and Bowling is not entitled to relief under the Eighth Amendment because Miller and Graham do not apply.

### B. *The VPB Properly Denied Parole*

When considering whether to grant discretionary parole, the VPB uses the Parole Decision Factors from the Parole Board Policy Manual.[4] The factors were approved by the Governor of Virginia in July of 1997, and have been used for many years in making parole decisions. Discretionary parole factors include:

> a.) nature of the offender's current offense;
> b.) length of the sentence;
> c.) the length of time he has served;
> d.) criminal history/record;
> e.) prior experience under supervision;
> f.) risk to community;
> g.) personal and social behavior;
> h.) institutional experience (i.e. program participation and behavior);
> i.) changes in motivation and behavior;

---

[4] Va. Parole Bd. Policy Manual (2006), https://vpb.virginia.gov/files/1107/vpb-policy-manual.pdf.

5

j.) release plan; and,
k.) community and family resources.

Bennett Aff. ¶ 6. "In addition, family members, friends, employers, attorneys, and other interested parties may meet with a member of the Parole Board to discuss a particular case and to offer information in support of parole." Id.

In her affidavit, Bennett further explained:

> Although an offender may be eligible for discretionary parole consideration, he may not be suitable for parole release. In making the decision of whether to grant parole, the offender's crime and criminal history, when considered with all mitigating and aggravating factors may preclude his release on parole. If the Board does not have sufficient confidence in the offender's ability to succeed on parole, or if his release on parole would not best serve the interests of society and the offender, he may not be granted parole.
> It is true that if the nature and circumstances of the offender's crime are considered serious upon his incarceration, they may never be considered less serious. However, there is a possibility that in time, the offender's conduct and positive adjustment while in prison, when considered with all other factors, will outweigh the concerns that the Board has for the offense.

Bennett Aff. 2-3.

First, Bowling fails to demonstrate that the VPB's procedures violate due process. Instead, Board parole consideration satisfies all of Franklin's requirements: decisions are based on published criteria; the Board provides written reasons for denials; and inmates have hearings, are able to present evidence, and are allowed access to the information in the files upon which the VPB makes a decision.

Second, Bowling argues that the VPB violated his due process rights because the decision to deny him parole was arbitrary and unconstitutional. Specifically, Bowling asserts that the Board created a de facto life-without-parole sentence in violation of Graham and Miller by repeatedly denying parole based on amorphous factors that did not take into account Bowling's

6

youth. Bowling takes special exception to denials based on the "serious nature" of the crimes. However, Bowling cannot challenge the VPB's "repeated" refusals to grant him parole because every parole proceeding prior to 2016 is time-barred. Also, as explained in Part VIII.A, Bowling is not entitled to any special juvenile-offender-status parole protections because he committed a homicide crime and is eligible for parole. His unsubstantiated allegations to the contrary are not entitled to belief. See Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) (Statements that are conclusory are not entitled to be true.).

Lastly, Bowling has not shown that the VPB acted unconstitutionally in any other manner. In 2016, the Board properly considered Bowling for parole by following the guidelines and providing Bowling with four primary reasons for the denial.

Since the VPB's procedures satisfy the minimum requirements of due process and federal courts greatly defer to state parole decision-making, Bowling has not sustained the "heavy burden" of demonstrating that the VPB violated federal law. Therefore, he is not entitled to habeas relief.

## IX. CONCLUSION

For the foregoing reasons, I grant Respondent's motion to dismiss, and dismiss the petition for a writ of habeas corpus. Based upon my finding that Bowling has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 23rd day of January, 2018.

SENIOR UNITED STATES DISTRICT JUDGE